IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL SMALLWOOD, *et al.*,

    Plaintiffs,

  v.                                    Civil Action No. PX-16-4008

NATIONSTAR MORTGAGE, LLC, *et al.*,

    Defendants.

**MEMORANDUM OPINION**

On December 28, 2016, pro se Plaintiffs Michael and Melinda Smallwood asserted a variety of statutory and common law claims against the Defendants, Nationstar Mortgage, LLC ("Nationstar"), Bank of America, NA ("Bank of America"), Thomas Montag ("Montag"), LaSalle Bank, NA ("LaSalle Bank"), Rosenberg & Associates, LLC ("Rosenberg LLC"), Diane Rosenberg ("Rosenberg"), and Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF12 ("Wilmington Trust"),[1] in connection with a pending foreclosure on Plaintiffs' home. In their Amended Complaint, submitted January 3, 2017, Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("Civil RICO"), the Fair Debt Collection Practices Act ("FDCPA"), and common law claims of unjust enrichment, insurance fraud, breach of contract and bad faith. Plaintiffs request declaratory and injunctive relief against Defendants' foreclosure on their home and damages "in the amount of $80,000.00 Silver one ounce coins" from each Defendant. ECF No. 2 at ¶ 168. Plaintiffs are also currently

---

[1] Plaintiffs list this Defendant as "Wilmington Trust, NA," but the correct name is Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF12 ("Wilmington Trust"). *See* ECF No. 9-1 at note 1.

1

appealing the ratification of foreclosure rendered in the Circuit Court for Prince George's County, Maryland,[2] *BSBSC v. Smallwood, et al,* Case No. CAEF15-25056 (Prince George Country Cir. Ct.), and have filed a civil suit against all defendants in the United States District Court for the District of Columbia on similar, but not identical, grounds. *See* ECF No. 21-6.

Pending before the court are three motions. On March 8, 2017, Defendants Nationstar and Wilmington Trust moved to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 9-1. Defendant Rosenberg joined this motion and adopted its arguments on March 15, 2017. *See* ECF No. 13. Defendants Bank of America, LaSalle Bank, and Montag filed a Motion to Dismiss and Motion to Quash Service on May 12, 2017, pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(4), 12(b)(5), and 12(b)(6). *See* ECF No. 21-1. For the following reasons, all motions to dismiss are GRANTED.

**I.  Background**

In September 2005, Plaintiffs purchased a home located at 8113 Elora Lane, Brandywine, Maryland, with a mortgage loan of $379, 550.00 ("the Loan") from First Franklin, a Division of National City Bank of Indiana. *See* ECF No. 9-2. A Deed of Trust secured the obligations on the Loan. ECF No. 9-2. The Deed of Trust includes a power of sale provision, which states that in the event of Plaintiffs' default, the lender is entitled to institute foreclosure proceedings against the Property and collect all costs incurred to foreclosure. *Id.* The Deed of Trust also includes a provision that the "Note or partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower," *id.* at ¶ 20, and that "Lender, at its option, may from time to time remove Trustee and appoint a successor trustee" who "shall

---

[2] In a motion to dismiss, "a court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Mua v. Maryland*, No. ELH–16–01435, 2016 WL 1258469 (D. Md. Feb. 15, 2017).

2

succeed to all title, power and duties conferred upon Trustee herein any by Applicable Law." *Id.* at ¶ 24.

On April 4, 2006, First Franklin assigned its interest in the Deed of Trust to First Franklin Financial Corporation ("FFFC"). ECF No. 21-3. On February 19, 2009, FFFC assigned its rights in the Deed of Trust to Citibank, acting as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-backed Certificates, Series 2005-FF12 ("Citibank"). *See* ECF No. 21-4. On June 14, 2014, Nationstar was appointed as attorney-in-fact for the current Trustee, Citibank, by Citibank's successor trustee, Wilmington Trust. *See* ECF No. 9-6.[3] Citibank then assigned its interest to in the Deed of Trust to Wilmington Trust on January 13, 2015. ECF No. 21-5. Wilmington Trust is the current holder of the beneficial interest under the Deed of Trust. *Id.* Nationstar is Wilmington Trust's servicer for the Loan.

In 2012, the Plaintiffs fell behind on their loan payments. Nationstar initiated foreclosure proceedings in the Circuit Court for Prince George's County, Maryland. ECF Nos. 9-7 & 9-8. Plaintiffs' various legal challenges to the foreclosure in Circuit Court were unsuccessful, ECF No. 9-9, and the Property was sold at auction on January 19, 2017. Plaintiffs have filed two federal actions against Defendants; this case was filed on December 26, 2016, ECF No. 1, and a separate case was filed against all of the present Defendants in the United States District Court for the District of Columbia in January 2016, *Smallwood v. Wilmington Trust, Nat'l Assoc'n, et al*, No. 16-00080-EGS-RMM. Plaintiffs submitted an Amended Complaint in this action on January 3, 2017. Plaintiffs assert seven claims, arising under the Racketeer Influenced and

---

[3] The Limited Power of Attorney was executed pursuant to a Pooling and Servicing Agreement. *See* ECF No. 9-6 at 2 The relevant part of the Limited Power of Attorney reads: "Wilmington Trust, National Association, as successor trustee to Citibank, N.A. (the "Trustee") in connection with the Pooling and Servicing Agreement (the "Agreement") relating to each of the certificates described on Exhibit A attached hereto . . . hereby constitutes and appoints Nationstar Mortgage LLC by and through the Servicer's officers, the Trustee's true and lawful Attorney-in-Fact, in the Trustee's name, place and stead and for the Trustee's benefit, in connection with all mortgage loans." ECF No. 9-6.

3

Corrupt Organizations Act ("RICO"), the Fair Debt Collection Practices Act ("FDCPA"), and common law claims of negligent misrepresentation, unjust enrichment, insurance fraud, breach of contract, and bad faith. Plaintiffs request damages and equitable relief. Defendants assert an array of challenges. Each is addressed below.

## I. Insufficient Service

Defendants Bank of America and LaSalle ("Bank Defendants") move to quash service under Federal Rule of Civil Procedure 12(b)(4) because service did not satisfy the requirements of Rule 4(h). ECF No. 21. Plaintiff "bears the burden of establishing its validity" under Rule 4 of the Federal Rules of Civil Procedure.

> Rule 4(h) requires that service on a corporate entity occur:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h); ECF No. 21-1 at 7–9. Rule 4(e)(1) provides for service by any means allowed by the state where the district court is located or the state where service is to be effected. *See* Fed. R. Civ. P. 4(e). Thus, Plaintiffs could execute service *either* through compliance with Rule 4(h)(1)(A) through the law of North Carolina or Maryland *or* under the terms of 4(h)(1)(B). Courts generally "construe Rule 4 liberally to effect service of process and uphold the jurisdiction of the court," so long as service sufficiently gave the defendant(s) actual notice of the pending action. *Archie v. Lavonne Elenora Ager Booker*, No. DKC-14-0330, 2015 WL 9268572 at *2 (D. Md. Dec. 21, 2015) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963).

Plaintiffs delivered the summons for Bank Defendants to T.J. Bishop, an "Operations Manager" in Charlotte, North Carolina. ECF No. 17 at 6; *see also* ECF No. 24 at 6–7.

Plaintiffs' summons states that TJ Bishop was "designated by law to accept service of process" on behalf of Bank of America and LaSalle. ECF No. 17 at 6, 10. Bank Defendants do not allege that TJ Bishop is not an "officer, managing or general agent, or any other agent authorized by appointment or by law to receive service" on behalf of Bank Defendants. *See* ECF No. 21-1 at 8–9. Bank Defendants only allege that service of process did not comply with the requirements of North Carolina law. Accordingly, service of process complies with Rule 4(h)(B).

As to Defendant Montag, Defendants request dismissal under 12(b)(5) on the grounds that Montag "has never been personally served." ECF No. 21-1 at 7. However, Rule 4 allows summons to be delivered to an individual personally or "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Bank Defendants do not allege that TJ Bishop was not authorized by appointment or by law to receive service on behalf of Montag. *See* ECF No. 21-1 at 7–8. Plaintiffs' summons states that Bishop "is designated by law to accept service of process on behalf of Thomas Montag." ECF No. 17 at 8. In light of Defendants' failure to challenge Bishop's authorization, the Court finds service of process on Montag complied with Rule 4(e)(2)C).

**II.** *Younger* **Abstention**

Defendants next argue that because Plaintiffs' appeal is still pending in the underlying state foreclosure proceedings, *BSBSC v. Smallwood*, CAEF15-25056 (Cir. Ct. of Prince George's Cty Apr. 5, 2017), the Court abstain from hearing this case under *Younger* abstention doctrine. ECF No. 21-1 at 14. Younger abstention is a "mandatory rule of equitable restraint, requiring the dismissal of a federal action", *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006) (citation omitted), when four elements are satisfied: "1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important,

5

substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). "Circumstances fitting within the *Younger* doctrine . . . are exceptional," and as a general rule "[t]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction." *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

In this case, the first two factors of the *Younger* test are easily met. The ongoing state foreclosure action was initiated long before this federal action, *see* ECF No. 21-7, and any determination against Defendants in this case would interfere with the enforcement of a state court foreclosure order and "challenge the very process by which [the order was] obtained." *Pennzoil Co. v. Texas, Inc.*, 481 U.S. 1, 13 (1987); *see also Tucker v. Specialized Loan Servicing, et al*, F. Supp. 3d 635, 646–47 (D. Md. 2015). As to the remaining factors, it is not at all clear that an order of foreclosure is "uniquely in furtherance of the state court['s] ability to perform [its] judicial function [ ]" or that the facts of this case present "exceptional circumstances" supporting this Court's exercise of discretion to hear this case. *Sprint,* 134 S.Ct. at 591 (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans* (NOPSI), 491 U.S. 350, 368 (1989)); *see also Tucker*, 83 F. Supp. 3d at 646–47. Further, although liability may be dismissed under *Younger* abstention, Plaintiffs' claims for damages may only be stayed. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 721 (1996). The Court will do neither here under *Younger* abstention and instead reach the pending motions on the merits as discussed below.

**III.     Motion to Dismiss for Failure to State a Claim**

In ruling on a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].' " *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. " '[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.' " *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). *See also Bell v. Bank of Am., N.A.*, No. RDB-13-0478, 2013 WL 6528966 (D. Md. Dec. 11, 2013) ( "Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."). "A court considering a motion to dismiss can choose to begin by identifying

pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

The Court may properly take judicial notice of matters of public record in reviewing a 12(b)(6) dismissal. *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir.2004) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986) ("Although this case comes to us on a motion to dismiss ..., we are not precluded in our review of the complaint from taking notice of items in the public record....")). The Court may also consider documents attached to the complaint where incorporated and authentic. *See* Fed. R. Civ. P. 10(c). *See also Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th Cir. 2006). Here, the Court will consider the Note, the Deed of Trust, and the various assignments of the Note because these documents are authentic, referenced in the Amended Complaint, and integral to Plaintiffs' claims because they circumscribe the parties' rights vis the Property.

As a preliminary matter, the Court addresses Plaintiffs' allegations in the introductory section preceding the enumerated causes of action Amended Complaint. Because the Court must construe *pro se* complaints liberally, it is important to first address the shared set of erroneous legal theories on which Plaintiffs seemingly base their claims for relief.

First, Plaintiffs repeatedly state that Wilmington Trust did not have standing to foreclose on the Property because of flaws in the initial Note *and* later assignments. For example, Plaintiffs allege there was no assignment or indorsement of the original Note. *See, e.g.*, ECF No. 2 at ¶¶ 75, 150, 161. However, a simple review of the original Note reveals that it was indorsed from First Franklin to First Franklin Cooperation, and then blank indorsed by First Franklin Financial Corporation. ECF No. 9-2. Under Maryland law, "[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone

8

until specifically indorsed." Md. Commercial Law § 3-205. Nothing in the Amended Complaint, therefore, supports Plaintiffs alleged broken chain of title.

Plaintiffs next aver that the Deed of Trust assignment from Nationstar, via power-of-attorney from Citibank, to Wilmington Trust was "flawed, defective, and fraudulent," and thus subsequent communications and attempts to collect the debt constitute "Act(s) of Racketeering" under Civil RICO and violate the Federal Debt Collectors Protection Act (FDCPA). *See, e.g.,* ECF No. 2 at ¶¶ 31–33, 40, 44–45, 55–56, 82, 90–95. Plaintiffs more particularly claim error in the assignment because Justin Moon, a Nationstar employee, "falsely represented" his authority to transfer the Note on behalf of Citibank. *Id.* at ¶¶ 33–34. However, a limited power of attorney was executed nearly a year and a half prior to the assignment that granted Nationstar – and thus Justin Moon – the authority to transfer Citibank's interest. *See* ECF Nos. 9-5 & 9-6. Moreover, even taking Plaintiff's allegations of Moon's misrepresentation as true, "only a party to a contract" or a "third-party beneficiar[y]" can "bring suit to enforce the terms of a contract" under Maryland law. *120 W. Fayette St. , LLLP v. Mayor of Baltimore*, 426 Md. 14, 35 (2012). Accordingly, mortgagors generally lack standing to attack transfers of their mortgages through assignments to which the mortgagor is not a party. *See, e.g., Wolf v. Federal Nat. Motg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013) (holding mortgagor lacked standing to attack the validity of the assignment because her obligations remained the same) (applying Virginia law); *Danso v. Ocwen Loan Servicing, LLC*, No. PX-16-1396, 2016 WL 4437653 (D. Md. Aug. 23, 2016) (same); *Bell v. Clarke,* No. TDC-15-1621, 2015 WL 1045959 (D. Md. Mar. 16, 2016) (same). Plaintiffs lack standing to challenge the Corporate Assignment.

Third, Plaintiffs contend that Defendants' act of "bifurc(ating) the Note from the Deed" rendered it "null or void." ECF No. 2 at ¶¶ 76, 80–81. But, as a matter of Maryland law, the

9

deed and the note cannot be split; and "[t]he title to any promissory note...conclusively is presumed to be vested in the person holding the record title to the mortgage." Md. Code Ann., Real Prop. § 7–103(a); *see also* ECF No. 9–1 at 9. The United States Court of Appeals for the Fourth Circuit Court has made clear that Plaintiffs' "split-the-note" theory is not a valid challenge to a foreclosure action. *See Scheider v. Deutsche Bank Nat. Trust Co.*, 572 F. App'x 185, 190 (4th Cir. 2014) ("If we permitted the split-the-note theory . . . there would be little reason for notes to exist in the first place, as one of the defining features of notes is their transferability.") (citation and internal quotation marks omitted) (using Virginia law).

Fourth, Plaintiffs also assert that the Defendants' cannot proceed in foreclosure unless they produce the original "wet-ink" Note as proof of authority to foreclose on the Property. *See* ECF No. 1-5 at ¶ 50. This court has repeatedly rejected this "show me the note" argument as meritless. *See Danso*, 2016 WL 4437653 at *4, *Jones v. Bank of N.Y. Mellon*, No. DKC–13–3005, 2014 WL 3778685, at *4 (D. Md. Jul. 29, 2014); *Harris v. Household Finance Corp.*, RWT–14–606, 2014 WL 3571981, at *2 (D. Md. Jul. 18, 2014) (explaining "there is no recognizable claim" that a mortgagor must "produce 'wet ink' signature documents" in order for a mortgage to be valid). The Court likewise does so here.

Fifth, Plaintiffs' assert throughout that because Defendants maintain mortgage insurance, foreclosure and public sale of the Property amounted to unlawful "double recovery."[4] *See, e.g.,* ECF No. 2 at ¶¶ 145. This court, along with other courts in the United States Court of Appeals for the Fourth Circuit, has repeatedly rejected the notion that mortgage insurance somehow discharges borrowers' contractual obligations to lenders. *See, e.g., Ruggia v. Washington Mut.*,

---

[4] In a related argument, Plaintiffs also repeatedly assert that foreclosure was unlawful because the loan was "paid in full," citing the "2046 Balance Sheet and the 1099 OID form." *See, e.g.,* ECF No. 2 at ¶¶ 46. However, these references are also to mortgage insurance; Plaintiffs do not allege that "payment in full" was satisfied in anything other than the mortgage insurance. *See also id.* at ¶¶ 161–62.

719 F. Supp. 2d 642, 647 (E. D. Va. 2010) ("Plaintiff provides no factual or legal basis, and the Court finds none, to support his contention that because [p]laintiff's default triggered insurance for any [lender] losses caused by that default . . ., he is discharged from the promissory notes and the Property is released from the deeds of trust.") (internal citations omitted); *Henceroth v. HSBC Mortg. Corp.*, No. WDQ-12-1028, 2013 WL 142078 at *4 ("Even if insurance on the mortgage compensated the holder, the [plaintiff's] performance on the note would be necessary for release under the deed of trust."); *Vandi v. JPMorgan Chase Bank, N.A.*, No. AW-12-0244, 2012 WL 4324918 at *3 (D. Md. Sept. 19, 2012) (same); *Bolouri v. Bank of Am., N.A.*, No. 10-225, 2010 WL 3385177, at *4 (E.D. Va. Aug.24, 2010) (same).; *Flores v. Deutsche Bank Nat. Trust Co.*, No. DKC-10-0217, 2010 WL 2719849 at *5 (D. Md. Jul. 7, 2010) (same). Plaintiffs' allegations must be similarly rejected.

The Court next turns to the enumerated counts in the Amended Complaint.

### i. Civil RICO (Counts One, Two, and Three)

Counts One, Two, and Three of the Amended Complaint allege violations of the Racketeer Influenced and Corrupt Organizations Act ("Civil RICO"). For Plaintiffs' RICO claims to survive a Rule 12(b)(6) motion to dismiss, they must plausibly aver: "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). If any element is missing, Plaintiffs cannot state a claim for relief. *Id.* (noting "[t]he plaintiff must, of course, allege each of these elements to state a claim."). Plaintiffs must also plead that Defendants' RICO violation injured their business or property. *Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1, 6 (2010). Defendants argue, and the Court agrees, that Plaintiffs' conclusory allegations do not satisfy these requirements. *See* ECF Nos. 9-1 at 11–12 & 21-1 at 10–12.

As an initial matter, Defendants' alleged "criminal" conduct is wholly based upon flawed, conclusory allegations centered on mortgage insurance, "split-the-note" theory, and "missing links" in the Note's chain of title. *See supra*; ECF No. 2 at ¶¶ 52–57, 75– 82, 83–107. In addition, Plaintiffs provide no factual allegations that Defendants engaged in an enterprise. An enterprise is "an ongoing organization, formal or informal, in which the various associates function as a continuing unit," *Delk v. ArvinMeritor, Inc.*, 179 F. Supp. 2d 615, 625–27 (W.D.N.C. 2002), *aff'd*, 40 F. App'x 775 (4th Cir. 2002), and must exist as an entity "separate and apart from the pattern of activity in which it engages." *United States v. Tillett*, 763 F2d 628, 631 (4th Cir. 1985). Plaintiffs baldly allege that Defendants "did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO enterprise," ECF No. 2, at ¶ 86, but do not aver facts establishing a connection between Defendants or how Defendants "function[ed] as a continuing unit." *Grant v. Shaprio & Burson, LLP*, 871 F. Supp. 2d 462, 473 (D. Md. 2012) (quoting *Delk v. ArvinMeritor, Inc.*, 179 F. Supp. 2d 615, 626–27 (W.D. N.C. 2002)). Plaintiffs' "naked assertion[s] devoid of further factual enhancement need not be credited when evaluating the sufficiency of enterprise allegations on a motion to dismiss." *Grant*, 871 F. Supp. 2d at 473 (internal citations omitted); *see also Davis v. Wilmington Finance, Inc*, No. PJM-09-1505, 2010 WL 1375363 *3–*4 (D. Md. Mar. 26, 2010). Plaintiffs' RICO claims, therefore, must be dismissed.

### ii. Unjust Enrichment (Count Four)

Count Four purports to bring common law claims for unjust enrichment, insurance fraud, breach of contract, and bad faith, but Plaintiffs Amended Complaint only alleges that Defendants "were unjustly enriched at the expense of Plaintiffs." ECF No. 2 at ¶143. Therefore, the Court construes this Court as a claim solely for unjust enrichment. To survive dismissal, Plaintiffs

must plausibly allege that (1) Plaintiffs conferred a benefit was conferred on the Defendants; (2) Defendants know of or appreciated the benefit; and (3) Defendants' acceptance or retention of the benefit under the circumstances was inequitable absent payment of for the value of the benefit. *See, e.g., Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295 (2007). Unjust enrichment claims are subject to a three year statute of limitations. *See, e.g., Jason v. Nat'l Loan Recoveries, LLC*, 227 Md. App. 516, 527–29 (2016).

In their Amended Complaint, Plaintiffs allege that unspecified Defendants charged Plaintiffs unnecessary fees and fraudulently concealed them on their account by labeling the fees as " ' Other Charges,' 'Other fees,' 'Miscellaneous Fees,' and 'Corporate Advances.' " ECF No. 2 at ¶¶ 144–46. The Deed of Trust submitted and signed by Plaintiffs, ECF No. 9-2, allows the "Lender" to charge Borrower "default-related fees," including hazard insurance costs and various expenses associated with Plaintiffs' default, including repairs, changing locks, inspecting the property, and eliminating code violations, *id.* at ¶¶ 5, 9. In moving to dismiss, Defendants raise that "[i]t is well settled law in Maryland" that an unjust enrichment claim "may not be brought where the subject matter of the claim is covered by an express contract between the parties." *FLF, Inc. v. World Publications, Inc.*, 999 F. Supp. 640, 642 (D. Md. 1998); *see* ECF No. 21-1 at 13. Critically, however, Plaintiffs argue that Defendants went beyond the contracted-for fees in that Defendants "mark[ed] up the actual cost of those services to make a profit" and charged "unnecessary fees." ECF No. 2 at ¶ 144–46. The asserted wrongdoing falls outside the express terms of the contract and so would be sufficient to assert an unjust enrichment claim.

That said, the Amended Complaint is nonetheless deficient for failing to identify *which Defendant(s)* allegedly assessed the fees or *when* the fees were assessed. Without sufficient particularity in this regard, Defendants cannot be put on notice as to which among them must

defend this claim, nor can this Court determine whether the claim has been brought within the limitations period. To the extent Plaintiffs can cure these pleading deficiencies, Plaintiffs shall be granted 28 days from the issuance of this Opinion to amend their claim consistent with this Opinion.

### iii. Injunctive and Declaratory Relief (Count Five)

Plaintiffs' fifth cause of action is one seeking "declaratory and injunctive relief," namely to order Defendants to "cease and desist any and all actions to evict the Plaintiffs from the subject property" and to declare the "subject debt paid in full from the mortgage proceeds." ECF No. 2, ¶162. As Defendants correctly note, the Court cannot take such an action. ECF No. 9-1 at 14–16. Under the Anti–Injunction Act, 22 U.S.C. § 2283, this Court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Significantly, "where the Anti–Injunction Act bars an injunction it 'also bars the issuance of a declaratory judgment that would have the same effect as an injunction.' " *Lovett v. Deutsche Bank Nat'l Trust Co.,* No. 12-1816-MBS-SVH, 2013 WL 841679, at *6 (D.S.C. Feb. 12, 2013) (quoting *Denny's, Inc. v. Cake,* 364 F.3d 521, 528 (4th Cir.2004) (internal quotation marks and citations omitted)), *report & recommendation adopted,* 2013 WL 841675 (D.S.C. Mar. 6, 2013).

Plaintiffs' requested declaratory and injunctive relief would bar Defendants from finalizing the foreclosure on Plaintiffs' property. *See* ECF No. 2 at ¶¶ 149–162. This is "precisely" the type of "interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid." *Lovett*, 2013 WL 841679 at *6 (quoting *Samuels v. Mackell*, 401 U.S. 66, 72 (1971)); *see also Tucker*, 83 F. Supp. 3d at 641;

*Williams v. Cohn et al*, No. PX-16-2886, 2016 WL 4415058 (D. Md. Aug. 19, 2016).

Additionally, where equitable relief is sought regarding the same property that is already the subject of an in rem action elsewhere, the court controlling the property for purposes of the earlier-filed suit retains exclusive jurisdiction over the property. *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending); *see also Parker v. Investire, LLC*, No. JKB-16-256, 2016 WL 687496, at *1 (D. Md. Feb. 19, 2016). Here, the earlier filed foreclosure proceeding in circuit court confers exclusive jurisdiction over any equitable relief to that court. *Tucker*, 83 F. Supp. at 642 (citing *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 644 (4th Cir. 2011)). Count Five, therefore, must be dismissed.

### iv. Fair Debt Collection Practices Act (Count Six)

To sustain a FDCPA claim Plaintiff must plausibly allege that " '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt[ ] collector as defined by the FDCPA, *and* (3) the defendant has engaged in an act or omission prohibited by the FDCPA.' " *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (quoting *Dikun v. Streich*, 369 F. Supp. 2d 781, 784–85 (E.D. Va. 2005) (emphasis added)). FDCPA claims are viewed from the perspective of the "least sophisticated debtor." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 408 (4th Cir.1999). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "[C]reditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Offiah v. Bank of Am, N.A.*, No. DKC-3-2261, 2014 WL 4295020, at *5 (D. Md. Aug. 29, 2014) (quoting *Scott v.*

*Wells Fargo Home Mortg. Inc.,* 326 F. Supp. 2d 709, 718 (E.D. Va. 2003)); *see also* 15 U.S.C.A. § 1692a(6). Law firms and lawyers acting in connection with a foreclosure, such as Defendants Rosenberg and Rosenberg LLC, may, in certain circumstances, qualify as "debt collectors" under the FDCPA. *Stewart*, 859 F. Supp. 2d at 761 (citing *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 375 (4th Cir. 2006)). However, the FDCPA "should not be assumed to compel absurd results," such as barring debt collecting lawsuits or barring communication between a creditor's lawyer and a debtor-consumer. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 599–600 (2010).

Plaintiffs do not allege any facts demonstrating that any Defendant is a debt collector under the FDCPA. Instead, Plaintiffs assert claims against "all Defendants" or vaguely stylize the claim against an unspecified "Defendant." *See, e.g.,* ECF No. 2 at ¶ 164. Moreover, Defendants Nationstar, Wilmington Trust, Bank of America, LaSalle, and Montag, correctly argue that as mortgage servicing companies, they are exempt from FDCPA liability. ECF No. 9-1 at 17 & 21-1 at 16–18; *see Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 277 (D. Md. 2015) ("Mortgage servicing companies are exempt from the definition of debt collectors under the FDCPA only to the extent that they take action to collect debts that were not in default at the time they acquired the debts.") (quoting *Webb v. Green Tree Servicing, LLC*, No. ELH-11-2105 (D. Md. June 7, 2012); *Reyes v. Bank of Am.*, No. PJM-12-3798, 2013 WL 6012504 at *2 (noting that the parties "were at all relevant times acting as creditors and mortgagees seeking to collect a due *owed to themselves*, not to a third party; hence, they do not fall under the definition of 'debt collector.' "). The FDCPA claims must be dismissed on this ground alone. Equally problematic for Plaintiffs is that the FDCPA allegations are no more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So

even if Plaintiffs' plausibly alleged that Defendants were debt collectors, the claims nonetheless fail. Count Six, therefore, is dismissed.

### v. Negligent Misrepresentation (Count Seven)

Plaintiffs' seventh cause of action is for negligent misrepresentation against unspecified Defendants. In Maryland, to state a claim for negligent misrepresentation, a plaintiff must establish:

> (1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement, and (5) the plaintiff suffer damage proximately caused by the defendant's negligence.

*Lloyd v. GMC*, 397 Md. 108, 136 (2007). Any action for negligent misrepresentation must be filed within three years from the date of accrual. *Birmingham v. PNC Bank, N.A.*, No. PX-16-198, 2016 WL 3855686 (D. Md. Jul. 15, 2016) (citing Md. Code Ann., Cts. & Jud. Proc., §5-101). Plaintiffs' negligent misrepresentation claim is based on a letter dated May 31, 2012 that Plaintiffs received from a non-specified Defendant. ECF No. 2 at ¶ 162. Applying Maryland's three year statute of limitations, Plaintiffs' negligent misrepresentations claim expired three years later, on May 31, 2015. Plaintiffs filed this action on December 26, 2016, well beyond the three-year limitations period. Count Seven therefore must also be dismissed.

## IV. Dismissal of claims with or without prejudice

Whether to dismiss claims with or without prejudice remains within the discretion of the district court. *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citing *180S, Inc. v. Gordini U.S.A., Inc.,* 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). Generally, the plaintiff should be afforded the opportunity to amend or dismissal should be without prejudice. *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("Where no

opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) (same). However, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim." *Weigel*, 950 F. Supp. 2d at 825–26. As the Fourth Circuit has explained:

> While a potentially meritorious claim ..., should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless. Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation.

*McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) (internal citation omitted).

Having amended once already, Plaintiffs crafted a complaint that – despite its length – does little more than recite the elements of the enumerated causes of action. It is also regrettably convoluted and at times incomprehensible. In short, Plaintiffs' claims fall far short of stating a plausible cause of action or are beyond the limitations period. The only claim that can arguably be cured is Plaintiffs' unjust enrichment claim, which is premised on charging fees exceeding those allowed by the mortgage agreements. Accordingly, Plaintiffs shall be given 28 days to amend their Amended Complaint to cure the deficiencies in Count Four. All other Counts are dismissed with prejudice. A separate Order follows.

| 12/21/2017 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |