IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL SMALLWOOD, *et al.*,

    Plaintiffs,

  v.                              Civil Action No. PX-16-4008

NATIONSTAR MORTGAGE, LLC, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 28, 2016, pro se Plaintiffs Michael and Melinda Smallwood asserted a variety of statutory and common law claims against the Defendants, Nationstar Mortgage, LLC ("Nationstar"), Bank of America, NA ("Bank of America"), Thomas Montag ("Montag"), LaSalle Bank, NA ("LaSalle Bank"), Rosenberg & Associates, LLC ("Rosenberg LLC"), Diane Rosenberg ("Rosenberg"), and Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF12 ("Wilmington Trust"),[1] in connection with a pending foreclosure on Plaintiffs' home. In their Second Amended Complaint, submitted January 18, 2018, Plaintiffs allege a common law claim of unjust enrichment. ECF No. 29. Plaintiffs request injunctive relief against Defendants, restitution, and "punitive damages in an amount of three times our actual damages." *Id.* at ¶ 21. Plaintiffs are also currently appealing the ratification of foreclosure

---

[1] Plaintiffs list this Defendant as "Wilmington Trust, NA," but the correct name is Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF12 ("Wilmington Trust"). *See* ECF No. 9-1 at note 1.

1

rendered in the Circuit Court for Prince George's County, Maryland,[2] *BSBSC v. Smallwood, et al,* Case No. CAEF15-25056 (Prince George Country Cir. Ct.), and have filed a civil suit against all defendants in the United States District Court for the District of Columbia on similar, but not identical, grounds. *See* ECF No. 21-6.

Pending before the Court are two motions to dismiss. For the foregoing reasons, the motions are GRANTED.

**I. Background**

In September 2005, Plaintiffs purchased a home located at 8113 Elora Lane, Brandywine, Maryland, with a mortgage loan of $379, 550.00 ("the Loan") from First Franklin, a Division of National City Bank of Indiana. *See* ECF No. 9-2. A Deed of Trust secured the obligations on the Loan. ECF No. 9-2. The Deed of Trust provides that in the event of Plaintiffs' default, the lender is entitled to institute foreclosure proceedings against the Property and collect all costs incurred to foreclosure. *Id.* The Deed of Trust also provides that the "Note or partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower," *id.* at ¶ 20, and that "Lender, at its option, may from time to time remove Trustee and appoint a successor trustee" who "shall succeed to all title, power and duties conferred upon Trustee herein any by Applicable Law." *Id.* at ¶ 24.

On April 4, 2006, First Franklin assigned its interest in the Deed of Trust to First Franklin Financial Corporation ("FFFC"). ECF No. 21-3. On February 19, 2009, FFFC assigned its rights in the Deed of Trust to Citibank, acting as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-backed Certificates, Series 2005-FF12 ("Citibank"). *See* ECF No. 21-4. On June 14, 2014, Nationstar was appointed as attorney-in-fact for the current Trustee, Citibank,

---

[2] In a motion to dismiss, "a court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Mua v. Maryland*, No. ELH–16–01435, 2016 WL 1258469 (D. Md. Feb. 15, 2017).

2

by Citibank's successor trustee, Wilmington Trust. *See* ECF No. 9-6.[3] Citibank then assigned its interest to in the Deed of Trust to Wilmington Trust on January 13, 2015. ECF No. 21-5. Wilmington Trust is the current holder of the beneficial interest under the Deed of Trust. *Id.* Nationstar is Wilmington Trust's servicer for the Loan.

In 2012, the Plaintiffs fell behind on their loan payments. Nationstar initiated foreclosure proceedings in the Circuit Court for Prince George's County, Maryland. ECF Nos. 9-7 & 9-8. Plaintiffs' various legal challenges to the foreclosure in Circuit Court were unsuccessful, ECF No. 9-9, and the Property was sold at auction on January 19, 2017. Plaintiffs have filed two federal actions against Defendants; this case was filed on December 26, 2016, ECF No. 1, and a separate case was filed against all of the present Defendants in the United States District Court for the District of Columbia in January 2016, *Smallwood v. Wilmington Trust, Nat'l Assoc'n, et al*, No. 16-00080-EGS-RMM. Plaintiffs amended their complaint on January 3, 2017, in it asserting claims arising under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Debt Collection Practices Act ("FDCPA"), and common law claims of negligent misrepresentation, unjust enrichment, insurance fraud, breach of contract, and bad faith. Plaintiffs requested damages and equitable relief, to which Defendants asserted an array of challenges.

On December 21, 2017, the Court issued a Memorandum Opinion and Order dismissing all but one of Plaintiffs' claims with prejudice. ECF Nos. 27 & 28. The remaining claim for

---

[3] The Limited Power of Attorney was executed pursuant to a Pooling and Servicing Agreement. *See* ECF No. 9-6 at 2. The Limited Power of Attorney in relevant part reads: "Wilmington Trust, National Association, as successor trustee to Citibank, N.A. (the "Trustee") in connection with the Pooling and Servicing Agreement (the "Agreement") relating to each of the certificates described on Exhibit A attached hereto . . . hereby constitutes and appoints Nationstar Mortgage LLC by and through the Servicer's officers, the Trustee's true and lawful Attorney-in-Fact, in the Trustee's name, place and stead and for the Trustee's benefit, in connection with all mortgage loans." ECF No. 9-6.

unjust enrichment was dismissed without prejudice and with leave to amend the complaint as to this count.  ECF No. 28.

On January 18, 2018, Plaintiffs timely submitted a Second Amended Complaint, alleging unjust enrichment against all Defendants.  ECF No. 29.  Defendants Nationstar and Wilmington Trust moved to dismiss Plaintiffs' Second Amended Complaint, arguing that it fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Each motion is addressed below.

## II. Analysis

For a common law claim of unjust enrichment, Plaintiffs must plausibly allege that (1) a benefit was conferred on the Defendants; (2) Defendants knew of or appreciated the benefit; and (3) Defendants' acceptance or retention of the benefit under the circumstances was inequitable absent payment of for the value of the benefit.  *See, e.g., Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295 (2007).  Unjust enrichment claims are subject to a three year statute of limitations.  *See, e.g., Jason v. Nat'l Loan Recoveries, LLC*, 227 Md. App. 516, 527–29 (2016).  The Court will address the sufficiency of the claims as to each Defendant.

### a. Nationstar

The Deed of Trust submitted and signed by Plaintiffs, ECF No. 9-2, allows the "Lender" or loan servicer to charge Borrower "default-related fees," such as hazard insurance costs and various expenses associated with Plaintiffs' default, including repairs, changing locks, inspecting the property, and eliminating code violations, *id.* at ¶¶ 5, 9.  Plaintiffs allege that from June 2014 to 2016, Nationstar exceeded these terms and charged unnecessary or excessive fees that were fraudulently concealed on Plaintiffs' account by labeling them " ' Other Charges,' 'Other fees,' 'Miscellaneous Fees,' and 'Corporate Advances.' "  ECF No. 29 at ¶¶ 17, 19.   Nationstar argues

that Plaintiffs' claims must be dismissed because, among other reasons, the Second Amended Complaint does not plausibly allege facts to support their claim, and instead proffers conclusory and unsupported allegations. The Court agrees.

Although Plaintiffs' Second Amended Complaint appears to assert more particularized facts, it still does not allege the foundational element of an unjust enrichment claim: that Plaintiffs actually conferred a benefit on Nationstar. Indeed, while the Second Amended Complaint repeatedly notes that Nationstar *charged* Plaintiffs fees, Plaintiffs do not allege, or put forth any facts suggesting, that they actually paid Nationstar these fees. *See generally* ECF No. 29. Because it is necessary that a benefit actually be conferred which, in essence, enriched the Defendants, and because that critical averment is absent here, Nationstar's motion to dismiss, ECF No. 30, is GRANTED. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 249 F. Supp. 2d 703, 708–09 (D. Md. 2003) (dismissing unjust enrichment claim, holding that "[plaintiff] must plead that it provided a benefit to [defendant] and it has not done so, nor does it appear that it could."); *see also Lewis v. Caliber Home Loans, Inc.*, Case No. TDC-15-1331, 2016 WL 8715675, at *5 (D. Md. Feb. 26, 2016).

    **b. Wilmington Trust**

As to Wilmington Trust, Plaintiffs further allege that Wilmington Trust "has been paid three times for our Note." In support, Plaintiffs assert that "Defendant Wilmington collected mortgage insurance proceeds from the mortgage insurance carrier and then after filing a foreclosure action against us Defendant Wilmington collected additional insurance proceed from the pool insurance carrier amounting to a double recovery . . . in excess of $600,000.00." ECF No. 29 at ¶ 13. Plaintiffs' argument, therefore, relies on a legal theory that mortgage and/or foreclosure insurance somehow discharges borrowers' contractual obligations to lenders, and

5

that lenders' collection of such insurance while proceeding with foreclosure is an unlawful "double recovery." *See* ECF No. 29 at ¶¶; *see also* ECF No. 33 at 7–8. As Wilmington Trust notes in its motion to dismiss, this Court has previously rejected this theory of recovery as legally untenable. *See* ECF No. 27 at 10–11 (citing cases); *see also* ECF No. 38 at 3–5. The Court's opinion in this regard remains unchanged. Wilmington Trust's motion to dismiss, ECF No. 30, is GRANTED.[4]

## III. Dismissal with prejudice

Dismissal of claims with or without prejudice remains within the discretion of the district court. *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citing *180S, Inc. v. Gordini U.S.A., Inc.,* 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). Generally, the plaintiff should be afforded the opportunity to amend or dismissal should be without prejudice. *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) (same). However, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim." *Weigel*, 950 F. Supp. 2d at 825–26. As the United States Court of Appeals for the Fourth Circuit has explained:

> While a potentially meritorious claim ..., should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless. Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation.

*McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) (internal citation omitted).

---

[4] Although Plaintiffs stylize the Complaint against all Defendants, it alleges claims against only Nationstar and Wilmington Trust. *See* ECF No. 29. Bank Defendants' motion to dismiss on this basis, ECF No. 36, is therefore GRANTED.

Having amended twice already, and with the guidance of this Court's previous Memorandum Opinion, Plaintiffs crafted a complaint that is regrettably vague and attempts to re-litigate a legal theory of "double recovery" previously rejected by this Court. *See* ECF Nos. 29 & 33. Therefore, the dismissal of Plaintiffs' claim for unjust enrichment shall be with prejudice.

**IV. Conclusion**

For the reasons stated in the foregoing Memorandum Opinion, it is this 1st day of May, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants' Motions to Dismiss, at ECF Nos. 30 & 36, are GRANTED and the Plaintiffs' Second Amended Complaint, ECF No. 29, is DISMISSED with prejudice; and

2. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to the parties and CLOSE this case.

| | |
|---|---|
| 5/1/2018 | /s/ |
| Date | Paula Xinis |
| | United States District Judge |